Aguiar, J.
This appeal raises the issue of whether the court erred in allowing a motion to remove default after an execution had issued.
We find there was no error.
In March 6,1995, the plaintiff Casoli filed a complaint against the co-defendants Leonard Reed, Roger Reed and Frederick Reed, d/b/a Reed Bros. For approximately one year, the plaintiff pursued its claim against the original defendants and did not amend the complaint to include Stephen Reed until plaintiff’s counsel was shown his own answer to discovery that all the checks he provided copies of were made out to Stephen Reed. In the spring of 1996, the plaintiff finally served a complaint upon Stephen Reed. Stephen Reed did not file his answer within 20 days but he did file a motion to allow his answer prior to any judgment being entered. Judge Brownell denied Stephen Reed’s motion to file an answer and entered judgment against Stephen Reed. Stephen Reed filed a motion for reconsideration and Judge *142 Baler with Judge Brownell’s assent and authorization ruled as follows:
“I find that the answer was not unduly late and that the delay has not prejudiced the plaintiff. Upon reconsideration, the motion to remove default and file answer late is allowed contingent upon defendant paying any costs associated with levying on the execution to the plaintiff.”
Subsequent to Judge Baler’s ruling Stephen Reed paid the amounts to plaintiff’s counsel as required to make the plaintiff whole and requested a pre-trial conference. The motion to vacate the judgment and the motion for reconsideration were both filed and heard within one year from the original judgment.
The trial was held in September, 1997 at which time plaintiff's counsel answered ready for trial and presented all of his evidence. Judge Kane entered judgment for the defendants and ordered costs against the plaintiff.
We find there was no error. Because both the motion to vacate and the motion to reconsider were filed within one year of the judgment in this case Judge Baler clearly had the discretion to allow Stephen Reed to defend the case and have a trial.
The plaintiff in his brief does not argue that there were any deficiencies in his trial or any rulings of law or fact by Judge Kane. Plaintiff has had his trial and that trial has established that the defendants owe nothing to the plaintiff. Mass. R. Civ. R, Rule 60(b) gives the judge discretion in this matter.
We find that there was no abuse of discretion.
The action of Judge Baler was not clearly erroneous and the appeal is dismissed.